UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 10658 DPW**

| | |
|---|---|
| CREATIVE PLAYTHINGS, LTD., a Massachusetts Corporation, | Civil Action No.: |
| Plaintiff, | 3 DPW |
| v. | RECEIPT # _____ |
| MAGISTRATE JUDGE _____ | AMOUNT $ _____ |
| CREATIVE PLAY STRUCTURES, INC. | SUMMONS ISSUED ___ |
| | LOCAL RULE 4.1 ___ |
| | **COMPLAINT AND** WAIVER FORM ___ |
| | **JURY DEMAND** MCF ISSUED ___ |
| Defendant. | BY DPTY. CLK. _____ |
| | DATE _____ |

Creative Playthings, Ltd., for its Complaint against the defendant, hereby states and alleges as follows:

**THE PARTIES**

1.   Plaintiff, Creative Playthings, Ltd., is a Massachusetts corporation with its principal place of business in Framingham, Massachusetts and has been in the business of manufacturing and selling wooden children's play systems continuously since 1951.

2.   Defendant, Creative Play Structures, Inc., is an Oregon Corporation with its principal place of business in Portland, Oregon.  Defendant is in the business of manufacturing and selling wooden children's play systems.  Defendant does business throughout the United States and maintains a website through which it advertises and sells its products to customers throughout the United States, including, upon information and belief, in Massachusetts.

**JURISDICTION AND VENUE**

3. The Plaintiff restates and realleges the allegations contained in paragraphs 1 through 2 as if fully set forth herein.

4. Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1338 and 1367. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) and (c) because the defendant is a corporation subject to jurisdiction in the Commonwealth of Massachusetts, and because a substantial part of the events or omissions giving rise to this claim, including the impact of the defendant's conduct infringing upon the plaintiff's trademark, took place in this District.

**FACTS**

6. The plaintiff restates and realleges the allegations contained in paragraphs 1 through 5 as if set forth fully herein.

7. Since 1951, the plaintiff has manufactured and sold wooden children's play systems.

8. On or about January 24, 1986, the plaintiff acquired certain assets from CBS, Inc., including the federally registered trademark "Creative Playthings."

9. The plaintiff has been manufacturing, selling, advertising and distributing its play systems continuously throughout the United States under the name Creative Playthings,

Ltd. since January 24, 1986.

10. Prior to assigning it to the plaintiff, the Creative Playthings mark was continually used by CBS, Inc. from the time of its registration. The Certificate of Registration is attached hereto as Exhibit A.

11. "Creative Playthings" has been a continuously registered trademark since at least 1983.

12. In July, 1992, the plaintiff applied for a renewal of the federal registration of the trademark "Creative Playthings" and, on July 14, 1992, the United States Commissioner of Patents and Trademarks issued plaintiff a Certificate of Renewal for said mark. The Certificate of Renewal is attached hereto as Exhibit B.

13. Since 1986 the plaintiff has spent significant sums extensively advertising its products under the name "Creative Playthings, Ltd." Because of this extensive advertising and continued sale of its distinctive products, the plaintiff's trademark has become widely known.

14. The plaintiff has been involved in the play system industry since 1951. As a result, it has built up 54 years of goodwill and name recognition among consumers.

15. As of result of the goodwill, name recognition and advertising, the plaintiff has become identified by the public as the manufacturer of distinctive children's products.

16. As a result of the plaintiff's 54 years of experience,

care and skill in producing high quality children's play systems, the plaintiff has become universally known for its excellence of product and fine workmanship.

17. Plaintiff has recently become aware of the defendant's use of the name "Creative Play Structures" to advertise and sell wooden children's play systems throughout the United States, including in Massachusetts, and that the defendant has begun using the Internet domain name "creativeplaystructures.com" by which it advertises and offers for sale throughout the United States wooden children's play systems.

## COUNT I

### INFRINGEMENT OF PLAINTIFF'S FEDERALLY REGISTERED MARK PURSUANT TO 15 U.S.C. § 1114

18. The plaintiff restates and realleges all of the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. The defendant has infringed plaintiff's mark in interstate commerce by various acts, including operating a business selling wooden children's play systems under the name "Creative Play Structures," operating a website under the name creativeplaystructures.com, and selling and offering for sale and advertising wooden children's play structures under the name and mark "Creative Play Structures."

20. The use by the defendant of the "Creative Play Structures" name is without permission or authority of plaintiff and said use by defendant is likely to and has caused confusion

with the plaintiff's mark of "Creative Playthings", and is likely to cause mistake and to deceive.

21. Defendant's heretofore alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.

22. Plaintiff has requested that the defendant cease and desist from its acts of trademark infringement and has given defendant actual notice of plaintiff's registration of the mark, but defendant has refused to cease such acts.

23. As a result of the defendant's infringement, the plaintiff has been damaged in an amount measured by the profits realized by the defendant from its sales utilizing the plaintiff's mark, the loss in profits by the plaintiff, and by the deprivation of the benefit of goodwill attached to the plaintiff's mark.

24. Pursuant to 15 U.S.C. § 1114, The plaintiff is entitled to temporary and permanent injunctive relief and damages, plus the costs, disbursements, and attorneys' fees incurred in this action.

25. Unless the injunctive relief requested herein is granted, defendant will continue to infringe upon the plaintiff's trademark and cause irreparable injury to the plaintiff from loss of profits and deprivation of the benefit and goodwill attached to plaintiff's mark.

## COUNT II

**FALSE DESIGNATION OF ORIGIN UNDER
SECTION 43(a) OF THE LANHAM ACT**

26. The plaintiff restates and realleges all of the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. As set forth *supra*, the plaintiff has the sole, exclusive right to use the trade name "Creative Playthings", and has been using the trade name continuously in the sale of children's products since 1986.

28. The plaintiff has federally protected rights in its trade dress under the Lanham Act § 43, 15 U.S.C. § 1125(a).

29. The defendant has disregarded the plaintiff's federally protected trademark rights by offering for sale in interstate commerce throughout the United States wooden children play structures without the plaintiff's permission and authorization using a name substantially similar to the plaintiff's trademark and that is likely to and had caused confusion with the plaintiff's trademark.

30. The defendant's infringement of the plaintiff's trademark has been intentional and knowing.

31. The defendant has used a designation substantially similar to the plaintiff's trademark to induce purchasers to believe that its products are associated with and emanate from the plaintiff.

32. The defendant's use of the designation substantially

similar to the plaintiff's trademark has and is likely to continue to have the effect of deceiving and confusing consumers as to the origin and source of the play systems.

33. As a result, the plaintiff's goodwill and its name recognition value as to the source of the goods have been diminished through the confusion and deception caused by the defendant's actions.

34. The defendant's actions as set forth above constitute infringement of plaintiff's trademark in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. As a result of the defendant's infringement, the plaintiff has been damaged in an amount measured by the profits realized by the defendants from its sales utilizing the plaintiff's mark, the loss in profits by the plaintiff, and by the deprivation of the benefit of goodwill attached to the plaintiff's mark.

36. The plaintiff is entitled to temporary and permanent injunctive relief and damages, plus the costs, disbursements, and attorneys' fees incurred in this action.

37. Unless the injunctive relief requested herein is granted, defendant will continue to infringe upon the plaintiff's trademark and cause irreparable injury to the plaintiff from loss of profits and deprivation of the benefit and goodwill attached to plaintiff's mark.

## COUNT III

### PALMING OFF

38. The plaintiff restates and realleges all of the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. The defendant's infringement on the plaintiff's trademark was done with the intent of inducing consumers to believe that its products were the work of the plaintiff or were manufactured, designed or produced by the plaintiff.

40. The defendant's conduct constitutes palming off of its goods and services as those of the plaintiff to the detriment and harm of the plaintiff.

41. As a result of the defendant's conduct, the plaintiff has been damaged in an amount measured by the profits realized by the defendants from its sales utilizing the plaintiff's mark, the loss in profits by the plaintiff, and by the deprivation of the benefit of goodwill attached to the plaintiff's mark.

42. The plaintiff is entitled to temporary and permanent injunctive relief and damages, plus the costs, disbursements, and attorneys' fees incurred in this action.

## COUNT IV

### UNFAIR COMPETITION

43. The plaintiff restates and realleges all of the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. The defendant's infringement on the plaintiff's trademark and its use of a substantially similar designation for its good and services is likely to and has caused confusion among members of the public as to the source or origin of the goods and services offered for sale by the defendant.

45. The defendant's conduct constitutes unfair competition in violation of Massachusetts law by which the plaintiff has been and will continue to be damaged.

46. As a result of the defendant's conduct, the plaintiff has been damaged in an amount measured by the profits realized by the defendants from its sales utilizing the plaintiff's mark, the loss in profits by the plaintiff, and by the deprivation of the benefit of goodwill attached to the plaintiff's mark.

47. The plaintiff is entitled to temporary and permanent injunctive relief and damages, plus the costs, disbursements, and attorneys' fees incurred in this action.

### COUNT V

**VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A**

48. The plaintiff restates and realleges all of the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. The defendant's conduct as set forth above has been with the intention and effect of infringing on the defendant's trademark, created confusion among the public as to the source of the goods and services offered for sale by the defendant, and has

had the effect inducing consumers to believe that its products were the work of the plaintiff or were manufactured, designed or produced by the plaintiff.

50. The defendant's conduct as set forth in this Complaint constitutes an unfair and deceptive business practice in violation of Mass. Gen. Laws ch. 93A, § 11.

51. The plaintiff has been damaged thereby.

52. The defendant is liable for damages suffered by the plaintiff as a result of its unfair and deceptive business practices, including treble damages, costs and attorney fees.

### DEMAND FOR RELIEF

53. As a result of the defendant's acts, the plaintiff has and will suffer damage to its business, reputation and good will and the loss of sales and profits plaintiff would have made but for the defendant's acts.

54. The defendant will continue to do the acts complained of herein to plaintiff's irreparable damage unless restrained and enjoined. It would be difficult to ascertain the amount of compensation which could afford adequate relief for such continuing acts, and the plaintiff's remedy at law is not adequate to compensate it for the injuries threatened.

WHEREFORE, Plaintiff prays:

1. That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining defendant and its agents from directly or indirectly

using the name "Creative Play Structures" or any other mark, word, or name similar to plaintiff's mark which is likely to cause confusion, mistake or to deceive;

    2.    For damages in an amount to be proven at trial;

    3.    For treble damages, costs, disbursements, and attorneys' fees incurred herein;

    4.    Any other relief this Honorable Court deems fit.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Dated: April 1, 2005

CREATIVE PLAYTHINGS, LTD.,
By its attorneys,

Rodney E. Gould, BBO #205420
rgould@rhglaw.com
Brad A. Compston, BBO # 640520
bcompston@rhglaw.com
RUBIN, HAY & GOULD, P.C.
205 Newbury Street
P.O. Box 786
Framingham, MA 01701-0785
(508) 875-5222

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Creative Playthings, Ltd. v. Creative Play Structures, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Rodney E. Gould__
ADDRESS __Rubin, Hay & Gould, P.C., 205 Newbury St., Framingham, MA 01701__
TELEPHONE NO. __508-875-5222__

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Creative Playthings, Ltd.

### DEFENDANTS
Creative Play Structures, Inc.

(b) County of Residence of First Listed Plaintiff: **Middlesex, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Multnomah, OR**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rodney E. Gould, Brad A. Compston, Rubin, Hay & Gould, P.C., 205 Newbury St., Framingham, MA, (508) 875-5222

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. s. 1114, 15 U.S.C. s. 1125(a)

Brief description of cause:
Infringement of registered trademark

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Injunctive relief/ unspecified damages
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/01/2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____