UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
CREATIVE PLAYTHINGS, LTD.,    )    Civil Action No.:
and CP LICENSING CORP.,       )    05-10658 DPW
                              )
        Plaintiff,            )
v.                            )
                              )
CREATIVE PLAY                 )    FIRST AMENDED
STRUCTURES, INC.              )    COMPLAINT AND
                              )    JURY DEMAND
        Defendant.            )
_____)
```

Creative Playthings, Ltd. and CP Licensing Corp. (collectively "Defendants") for their Complaint against the defendant, hereby state and allege as follows:

**THE PARTIES**

1. Plaintiff, Creative Playthings, Ltd. (Creative Playthings), is a Massachusetts corporation with its principal place of business in Framingham, Massachusetts and has been in the business of manufacturing and selling wooden children's play systems continuously since 1951.

2. Plaintiff, CP Licensing Corp. ("CP") is a Massachusetts corporation with its principal place of business in Framingham, Massachusetts, and is the owner of two trademarks for the mark "Creative Playthings."

3. Defendant, Creative Play Structures, Inc., is an Oregon Corporation with its principal place of business in Portland,

Oregon. Defendant is in the business of manufacturing and selling wooden children's play systems. Defendant does business throughout the United States and maintains a website through which it advertises and sells its products to customers throughout the United States, including, upon information and belief, in Massachusetts.

## JURISDICTION AND VENUE

4. The plaintiffs restate and reallege the allegations contained in paragraphs 1 through 3 as if fully set forth herein.

5. Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1338 and 1367. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) and (c) because the defendant is a corporation subject to jurisdiction in the Commonwealth of Massachusetts, and because a substantial part of the events or omissions giving rise to this claim, including the impact of the defendant's conduct infringing upon the plaintiff's trademark, took place in this District.

## FACTS

7. The plaintiffs restate and reallege the allegations contained in paragraphs 1 through 6 as if set forth fully herein.

8. Since 1951, Creative Playthings has manufactured and sold wooden children's play systems.

9.   On or about January 24, 1986, Creative Playthings acquired certain assets from CBS, Inc., including the federally registered trademark "Creative Playthings."

10.  On or about November 20, 1986, CP acquired the tradename, trademark and servicemark "Creative Playthings" from Creative Playthings, Ltd.

11.  On or about November 20, 1986, Creative Playthings acquired the exclusive right and license to utilize the trademark "Creative Playthings" in connection with the name of its business and in connection with the sale of wooden swing related products, outdoor playground equipment and products related to the foregoing.

12.  Creative Playthings has been manufacturing, selling, advertising and distributing its play systems continuously throughout the United States under the name Creative Playthings, Ltd. since January 24, 1986.

13.  Prior to assigning it to Creative Playthings, Ltd., the Creative Playthings mark was continually used by CBS, Inc. from the time of its registration.  The Certificate of Registration is attached hereto as Exhibit A.

14.  "Creative Playthings" has been a continuously registered trademark since at least 1983.

15.  In July, 1992, and again in February, 2004, the plaintiff CP applied for a renewal of the federal registration of the trademark "Creative Playthings."  On February 11, 2004, the

United States Commissioner of Patents and Trademarks issued plaintiff a Certificate of Renewal for said mark.  The Certificate of Renewal is attached hereto as Exhibit B.

16.  Since 1986 the plaintiffs have spent significant sums extensively advertising their products under the name "Creative Playthings, Ltd."  Because of this extensive advertising and continued sale of its distinctive products, the plaintiffs' trademark has become widely known.

17.  The plaintiff Creative Playthings has been involved in the play system industry since 1951.  As a result, it has built up 54 years of goodwill and name recognition among consumers.

18.  As of result of the goodwill, name recognition and advertising, the trademark "Creative Playthings" has become identified by the public with the manufacture of distinctive children's products.

19.  As a result of the plaintiff's 54 years of experience, care and skill in producing high quality children's play systems, the trademark "Creative Playthings" has become universally associated with excellence of product and fine workmanship.

20.  Plaintiffs have recently become aware of the defendant's use of the name "Creative Play Structures" to advertise and sell wooden children's play systems throughout the United States, including in Massachusetts, and that the defendant has begun using the Internet domain name "creativeplaystructures.com" by which it advertises and offers

for sale throughout the United States wooden children's play systems.

## COUNT I

**INFRINGEMENT OF PLAINTIFF'S FEDERALLY REGISTERED MARK PURSUANT TO 15 U.S.C. § 1114**

21. The plaintiffs restate and reallege all of the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. The defendant has infringed plaintiffs' mark in interstate commerce by various acts, including operating a business selling wooden children's play systems under the name "Creative Play Structures," operating a website under the name creativeplaystructures.com, and selling and offering for sale and advertising wooden children's play structures under the name and mark "Creative Play Structures."

23. The use by the defendant of the "Creative Play Structures" name is without permission or authority of plaintiffs, and said use by defendant is likely to and has caused confusion with the plaintiffs' mark of "Creative Playthings", and is likely to cause mistake and to deceive.

24. Defendant's heretofore alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.

25. Plaintiffs have requested that the defendant cease and desist from its acts of trademark infringement and has given

defendant actual notice of plaintiff's registration of the mark, but defendant has refused to cease such acts.

26.  As a result of the defendant's infringement, the plaintiffs have been damaged in an amount measured by the profits realized by the defendants from its sales utilizing the plaintiffs' mark, the loss in profits by the plaintiffs, and by the deprivation of the benefit of goodwill attached to the plaintiffs' mark.

27.  Pursuant to 15 U.S.C. § 1114, The plaintiffs are entitled to temporary and permanent injunctive relief and damages, plus the costs, disbursements, and attorneys' fees incurred in this action.

28.  Unless the injunctive relief requested herein is granted, defendant will continue to infringe upon the plaintiffs' trademark and cause irreparable injury to the plaintiffs from loss of profits and deprivation of the benefit and goodwill attached to plaintiffs' mark.

### COUNT II

**FALSE DESIGNATION OF ORIGIN UNDER
SECTION 43(a) OF THE LANHAM ACT**

29.  The plaintiffs restate and reallege all of the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.  As set forth <u>supra</u>, the plaintiffs have the sole,

exclusive right to use the trade name "Creative Playthings", and have been using the trade name continuously in the sale of children's products since 1986.

31. The plaintiffs have federally protected rights in their trade dress under the Lanham Act § 43, 15 U.S.C. § 1125(a).

32. The defendant has disregarded the plaintiffs' federally protected trademark rights by offering for sale in interstate commerce throughout the United States wooden children play structures without the plaintiffs' permission and authorization using a name substantially similar to the plaintiffs' trademark and that is likely to and had caused confusion with the plaintiffs' trademark.

33. The defendant's infringement of the plaintiffs' trademark has been intentional and knowing.

34. The defendant has used a designation substantially similar to the plaintiffs' trademark to induce purchasers to believe that its products are associated with and emanate from the plaintiff Creative Playthings.

35. The defendant's use of the designation substantially similar to the plaintiffs' trademark has and is likely to continue to have the effect of deceiving and confusing consumers as to the origin and source of the play systems.

36. As a result, the plaintiffs' goodwill and name recognition value as to the source of the goods have been diminished through the confusion and deception caused by the

defendant's actions.

37. The defendant's actions as set forth above constitute infringement of plaintiffs' trademark in violation of § 43(a) of The Lanham Act, 15 U.S.C. § 1125(a).

38. As a result of the defendant's infringement, the plaintiffs have been damaged in an amount measured by the profits realized by the defendant from its sales utilizing the plaintiffs' mark, the loss in profits by the plaintiff, and by the deprivation of the benefit of goodwill attached to the plaintiffs' mark.

39. The plaintiffs are entitled to temporary and permanent injunctive relief and damages, plus the costs, disbursements, and attorneys' fees incurred in this action.

40. Unless the injunctive relief requested herein is granted, defendant will continue to infringe upon the plaintiffs' trademark and cause irreparable injury to the plaintiffs from loss of profits and deprivation of the benefit and goodwill attached to plaintiffs' mark.

### COUNT III

#### PALMING OFF

41. The plaintiffs restate and reallege all of the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. The defendant's infringement on the plaintiffs'

trademark was done with the intent of inducing consumers to believe that its products were the work of the plaintiffs or were manufactured, designed or produced by the plaintiffs.

43.  The defendant's conduct constitutes palming off of its goods and services as those of the plaintiffs to the detriment and harm of the plaintiffs.

44.  As a result of the defendant's conduct, the plaintiffs have been damaged in an amount measured by the profits realized by the defendants from its sales utilizing the plaintiff's mark, the loss in profits by the plaintiffs, and by the deprivation of the benefit of goodwill attached to the plaintiffs' mark.

45.  The plaintiffs are entitled to temporary and permanent injunctive relief and damages, plus the costs, disbursements, and attorneys' fees incurred in this action.

## COUNT IV

### UNFAIR COMPETITION

46.  The plaintiffs restate and reallege all of the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.  The defendant's infringement on the plaintiffs' trademark and its use of a substantially similar designation for its good and services is likely to and has caused confusion among members of the public as to the source or origin of the goods and services offered for sale by the defendant.

48.  The defendant's conduct constitutes unfair competition

in violation of Massachusetts law by which the plaintiffs have been and will continue to be damaged.

49. As a result of the defendant's conduct, the plaintiffs have been damaged in an amount measured by the profits realized by the defendants from its sales utilizing the plaintiffs' mark, the loss in profits by the plaintiffs, and by the deprivation of the benefit of goodwill attached to the plaintiffs' mark.

50. The plaintiffs are entitled to temporary and permanent injunctive relief and damages, plus the costs, disbursements, and attorneys' fees incurred in this action.

## COUNT V

### VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A

51. The plaintiffs restate and reallege all of the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. The defendant's conduct as set forth above has been with the intention and effect of infringing on the defendant's trademark, created confusion among the public as to the source of the goods and services offered for sale by the defendant, and has had the effect inducing consumers to believe that its products were the work of the plaintiffs or were manufactured, designed or produced by the plaintiffs.

53. The defendant's conduct as set forth in this Complaint constitutes an unfair and deceptive business practice in violation of Mass. Gen. Laws ch. 93A, § 11.

54. The plaintiffs have been damaged thereby.

55. The defendant is liable for damages suffered by the plaintiffs as a result of its unfair and deceptive business practices, including treble damages, costs and attorney fees.

## DEMAND FOR RELIEF

56. As a result of the defendant's acts, the plaintiffs have and will suffer damage to their business, reputation and goodwill and the loss of sales and profits plaintiffs would have made but for the defendant's acts.

57. The defendant will continue to do the acts complained of herein to plaintiffs' irreparable damage unless restrained and enjoined. It would be difficult to ascertain the amount of compensation which could afford adequate relief for such continuing acts, and the plaintiffs' remedy at law is not adequate to compensate it for the injuries threatened.

WHEREFORE, Plaintiffs pray:

1. That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining defendant and its agents from directly or indirectly using the name "Creative Play Structures" or any other mark, word, or name similar to plaintiffs' mark which is likely to cause confusion, mistake or to deceive;

2. For damages in an amount to be proven at trial;

3. For treble damages, costs, disbursements, and attorneys' fees incurred herein;

    4.    Any other relief this Honorable Court deems fit.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Dated: April 25, 2005

CREATIVE PLAYTHINGS, LTD.,
By its attorneys,

/s/Brad A. Compston_____
Rodney E. Gould, BBO #205420
rgould@rhglaw.com
Brad A. Compston, BBO # 640520
bcompston@rhglaw.com
RUBIN, HAY & GOULD, P.C.
205 Newbury Street
P.O. Box 786
Framingham, MA 01701-0785
(508) 875-5222

Int. Cl.: 28

Prior U.S. Cl.: 22

Reg. No. 1,264,369

**United States Patent and Trademark Office**    Registered Jan. 17, 1984

## TRADEMARK
### Principal Register

## CREATIVE PLAYTHINGS

CBS Inc. (New York corporation)
51 W. 52nd St.
New York, N.Y. 10019

For: GYM SETS—NAMELY, SWING, SLIDE, AND LADDER SETS, in CLASS 28 (U.S. Cl. 22).
First use 1981; in commerce 1981.
Owner of U.S. Reg. No. 932,132.
Sec. 2(f).

Ser. No. 404,574, filed Dec. 2, 1982.

TERESA M. RUPP, Examining Attorney

**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514
www.uspto.gov

REGISTRATION NO: 1264369    SERIAL NO: 73/404574    MAILING DATE: 02/11/2004
REGISTRATION DATE: 01/17/1984
MARK: CREATIVE PLAYTHINGS
REGISTRATION OWNER: C.P. LICENSING CORP.

CORRESPONDENCE ADDRESS:
RODNEY E. GOULD
RUBIN HAY & GOULD, PC
205 NEWBURY STREET
FARMINGHAM MA 01701

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

*********************************************

# NOTICE OF RENEWAL
15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1059.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

*********************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
028.

HILL, CATHERINE R
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

   PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
   CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

ORIGINAL

TMLT6A (3/2003)